No. DA 06-0317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 108

IN THE MATTER OF KIM KELLER
and SETH KNUTH,

       Petitioners and Respondents,

   v.

MICHAEL TRULL,

       Respondent and Appellant.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
                 In and For the County of Sanders, Cause No. DR 2005-018,
                 Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Carolyn Gill, Attorney at Law, Plains, Montana

       For Respondents:

       Seth Knuth (pro se), Kimberly Keller (pro se), Thompson Falls, Montana

Submitted on Briefs:  November 28, 2006

Decided:  May 8, 2007

Filed:

_____
               Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 In November 2005 Kim Keller, on behalf of her then fourteen-year old son Seth Knuth, petitioned the Twentieth Judicial District Court for a temporary order of protection (TOP) against another minor, Michael Trull. In the Petition, Keller asserted that Trull repeatedly assaulted and intimidated her son on the school grounds. The District Court issued the TOP on November 28 and subsequently, at Keller's request, issued an order making the TOP permanent. Trull appeals. We reverse and remand.

## ISSUE

¶2 The dispositive issue on appeal is whether the District Court abused its discretion by making the temporary Order of Protection permanent.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On November 23, 2005, Kim Keller petitioned the District Court for a temporary order of protection on behalf of her then fourteen-old son, Seth Knuth. In the Petition, Keller alleged that Michael Trull, a minor, repeatedly assaulted and intimidated her son on the grounds of Thompson Falls Junior High School. She also asserted that Trull created a risk of death or serious injury to her son. The District Court issued the TOP on November 28. Pursuant to the TOP, Trull was prohibited from committing further abusive or threatening acts toward Knuth and was required to stay at least 1,500 feet away from both Knuth and Keller. A hearing was scheduled for December 6, 2005, to determine whether to dismiss, amend or make permanent the TOP. Notably, there is no indication that the TOP, which contained notice of the December 6 hearing, was formally served on Trull or any family member or other designated representative. Keller and

2

Knuth later asserted that they had served Trull with the TOP, but Trull and his family denied receipt of service.

¶4    Trull was also scheduled to attend another hearing on December 6 in the same District Court in a criminal juvenile matter. Trull did not attend either of the hearings however, because at some time between November 15 and December 6, he was involuntarily committed to the Lake County Group Youth Guidance Home. The day before the hearing the youth court probation officer notified both the county attorney and Trull's appointed counsel in the criminal juvenile matter that he—the probation office— would be unable to attend the December 6 criminal hearing. Trull's court-appointed attorney then contacted Trull at the Youth Home and they agreed it would be best to seek a continuance of the December 6 hearing. When the criminal proceeding then came before the court early the following morning, Trull's court-appointed attorney informed the court of the scheduling problem, and the matter was rescheduled by the court for December 20. However, by the time the TOP hearing came before the same court later that morning, Trull's counsel for the criminal proceeding had left the courtroom. After acknowledging for the record that Trull could not attend the TOP hearing, the District Court proceeded to make the TOP permanent, despite Trull's absence and lack of representation.

¶5    On January 24, 2006, Trull's court-appointed attorney in the criminal juvenile proceeding moved the District Court to reopen the TOP matter and schedule a hearing to allow Trull to show cause why he should be relieved from the order of protection issued to Keller and Knuth. In that motion, counsel argued that in addition to being unaware of

3

the TOP hearing, Trull was completely dependent on an adult to ensure his presence and that Trull's parents were unaware of the hearing as well. Counsel maintained that the court should have appointed a guardian ad litem and continued the hearing until a time that Trull's interests could be properly and fairly represented.

¶6 Keller opposed the motion to reopen. On February 3, the District Court denied the motion to reopen the matter noting that Keller and Knuth had followed procedure and met the legal requirements in having Trull served. Trull filed a timely appeal.

## STANDARD OF REVIEW

¶7 The decision to continue, amend or make permanent an order of protection is for the district court to determine, and we will not overturn its decision absent an abuse of discretion. *Bock v. Smith*, 2005 MT 40, ¶ 29, 326 Mont. 123, ¶ 29, 107 P.3d 488, ¶ 29.

## DISCUSSION

¶8 Trull argues that the District Court abused its discretion when it made the TOP permanent because he was neither present nor represented at the December 6 court proceeding and that the December 6 proceeding did not constitute a hearing as required by § 40-15-202, MCA. Trull maintains that the District Court should have appointed a guardian ad litem for him as required by § 40-15-102(4), MCA.

¶9 Section 40-15-102(4), MCA, requires that in cases where a petition for an order of protection is filed, a guardian must be appointed for a minor respondent when such is required by M. R. Civ. P. 17(c) (Rule 17(c)). Rule 17(c) states, in part:

> The court *shall appoint* a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent

4

person, or in any case where the court deems it expedient a guardian ad litem may be appointed to represent an infant or incompetent person, even though the infant or incompetent person may have a general guardian and may have appeared by that general guardian. (Emphasis added).

As we noted in *Matter of R.A.D.*, 231 Mont. 143, 156, 753 P.2d 862, 870 (1988), which dealt with an incompetent person rather than a minor, "[t]he District Court has an affirmative duty to assure that the rights of a party, who is alleged to be incompetent, are protected. Rule 17(c), M.R.Civ.P., requires appointment of a guardian ad litem for an incompetent person whose rights might be abrogated by a lack of proper representation." The same rationale applies to minors. The District Court abused its discretion when it failed to appoint a guardian ad litem for Trull.

¶10 Given the seriousness associated with a permanent order of protection, § 40-15-202(1), MCA, provides that

A hearing must be conducted within 20 days from the date that the court issues a temporary order of protection. The hearing date may be continued at the request of either party for good cause *or by the court.* If the hearing date is continued, the temporary order of protection must remain in effect until the court conducts a hearing. At the hearing, the court shall determine whether good cause exists for the temporary order of protection to be continued, amended, or made permanent. (Emphasis added).

¶11 Trull asserts that the District Court had good cause to continue the December 6 hearing, pointing out that the court knew he was not present, that he was involuntarily committed, and that he had no representation in this matter. He maintains that under §§ 40-15-202(1) and -204, MCA, the purpose of the hearing was for the court to determine, through evidence presented by the parties, whether good cause existed for the TOP to be continued, revised or made permanent and that the court's failure to conduct

5

such an evidentiary hearing was an abuse of discretion. Trull directs our attention to § 40-15-204, MCA, which authorizes the court to make a TOP permanent based on the respondent's history of violence, the severity of the offense at issue, and "the evidence presented at the hearing."

¶12 In the case before us, the District Court knowingly conducted the December 6 proceeding without Trull's presence or representation. Moreover, the court made the TOP permanent during that proceeding without taking or reviewing any evidence, and based on nothing more than the statements presented by the Petitioners in their Petition. We conclude that the proceeding on December 6 did not satisfy the requirements of a mandatory hearing under § 40-15-202(1), MCA, and the District Court's action in making the TOP permanent constituted an abuse of discretion. *Bock*, ¶¶ 29-30.

## CONCLUSION

¶13 For the foregoing reasons, we reverse the District Court's permanent Order of Protection, and remand for appointment of a guardian ad litem for Trull and a hearing to be attended by both Petitioners, Respondent, and their respective representatives, if applicable, for the purpose of determining whether there is sufficient evidence to justify granting Keller's and Knuth's request for a permanent order of protection.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS