DA 11-0323

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 316

PATRICIA MARIE ALBRECHT,

Petitioner and Appellee,

v.

KEITH VINCENT ALBRECHT,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause Nos. DR-99-420 and DR-99-425
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Margot E. Barg, Wittich Law Firm, P.C., Bozeman, Montana

For Appellee:

Kirsten Mull Core, Attorney at Law, Bozeman, Montana

Submitted on Briefs: November 16, 2011

Decided: December 20, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Keith Albrecht (Keith) appeals from the Order of the District Court of the Eighteenth Judicial District of Gallatin County, Montana, denying his motion to dissolve a Final Order of Protection (FOP) which had previously been granted to his ex-wife Patricia Albrecht (Patricia). The District Court left the FOP in effect, reasoning that under § 40-15-204(5), MCA, it did not have any legal authority to terminate the FOP without Patricia's request for termination. Keith argues that § 40-15-204(5), MCA, grants a district court legal authority to terminate an order of protection, with or without the request of the petitioner.

¶2 We reverse and remand for further proceedings.

## ISSUE

¶3 Did the District Court err in concluding that an order of protection may only be terminated by a district court upon the request of the petitioner?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Patricia and Keith were married for nearly seventeen years when Patricia petitioned for dissolution of the marriage in December 1999. A temporary order of protection was issued against Keith to protect Patricia and the couple's three children. On January 6, 2000, the District Court issued a FOP, which was later modified on May 20, 2003. The FOP required that Keith stay 300 feet away from Patricia at all times and that he have only telephonic and supervised in-person contact with the children. The FOP concluded by stating that "THIS ORDER MAY BE AMENDED ONLY BY FURTHER ORDER OF THIS COURT OR ANOTHER COURT THAT ASSUMES

2

JURISDICTION OVER THIS MATTER," as required by § 40-15-204(9), MCA. The cases for the dissolution of marriage and the order of protection were consolidated in March 2000, and the marriage was dissolved on August 29, 2001.

¶5 In the early years, Keith violated the temporary order of protection on multiple occasions and the FOP at least once, though Patricia alleged a number of additional violations. Keith has also, on occasion, failed to make some of the ordered monthly child support payments to Patricia and required payments of attorney fees and costs. As a consequence, he was held in contempt in March 2004, August 2004, and August 2006.

¶6 Keith moved the District Court to dissolve the FOP on September 1, 2010, arguing that he was no longer a threat to Patricia and that it was too restrictive on his life. He stated he had remarried, attended anger management and parenting classes, saw a psychologist, moved on with his life, and had "absolutely no desire or intent to harass, threaten, or injure Patricia in any way." He also wished to attend the Spanish-speaking church services at the Kingdom Hall of Jehovah's Witnesses in Bozeman where Patricia regularly attends, which was prohibited by the FOP. Patricia opposed Keith's motion. She sought to keep the FOP in effect in order to be assured of her safety, as she believed that the only reason she was still alive was because the FOP was in place. She argued that Keith was likely to continue to harass, threaten, and injure her without the FOP, as he had done in the past.

¶7 The District Court granted Keith's motion for reconsideration so as to consider his reply brief and denied his motion to dissolve the FOP. The court noted that Patricia had "not requested the permanent order be terminated" and that Keith did not provide "any

legal authority to terminate the permanent Order of Protection upon his motion in light of strictures contained in § 40-15-204(5), MCA."

¶8 Keith appeals.

## STANDARD OF REVIEW

¶9 We review a district court's conclusions of law for correctness. *Jordan v. Kalin*, 2011 MT 142, ¶ 19, 361 Mont. 50, 256 P.3d 909; *Kulstad v. Maniaci*, 2010 MT 248, ¶ 24, 358 Mont. 230, 244 P.3d 722; *Cenex Pipeline L.L.C. v. Fly Creek Angus, Inc.*, 1998 MT 334, ¶ 22, 292 Mont. 300, 971 P.2d 781.

## DISCUSSION

¶10 *Did the District Court err in concluding that an order of protection may only be terminated by a district court upon the request of the petitioner?*

¶11 Keith argues on appeal that the District Court incorrectly determined that it did not have the authority to terminate the FOP under § 40-15-204(5), MCA, absent a request from Patricia as the protected party. Keith asserts that the statute provides a district court the legal authority to determine an appropriate length of time for orders of protection, including the authority to terminate them, whether or not the protected party agrees. Patricia does not dispute this, and in fact agrees that the District Court had the authority to continue or terminate the order of protection. However, she argues that the court utilized this authority and its discretion when it chose to keep the FOP in effect, and therefore urges this Court to affirm.

4

¶12    Section 40-15-204, MCA, allows a district court to issue a temporary or permanent order of protection, and subsection (5) addresses the termination of an order of protection. The statute provides:

> (1) The court may, on the basis of the respondent's history of violence, the severity of the offense at issue, and the evidence presented at the hearing, determine that to avoid further injury or harm, the petitioner needs permanent protection. The court may order that the order of protection remain in effect permanently.
>     (2) In a dissolution proceeding, the district court may, upon request, issue either an order of protection for an appropriate period of time or a permanent order of protection.
>
> .  .  .
>
>     (5) *An order of protection issued under this section may continue for an appropriate time period as directed by the court or be made permanent under subsection (1), (2), or (4). The order may be terminated upon the petitioner's request that the order be dismissed.*
>
> .  .  .
>
>     (9) Any temporary order of protection or order of protection must conspicuously bear the following:
>     " . . . This order is issued by the court, and the respondent is forbidden to do any act listed in the order, even if invited by the petitioner or another person. This order may be amended only by further order of this court or another court that assumes jurisdiction over this matter."

Section 40-15-204(1), (2), (5), (9), MCA (emphasis added). We also note the purpose of this chapter, which is "to promote the safety and protection of all victims of partner and family member assault, victims of sexual assault, and victims of stalking." Section 40-15-101, MCA.

¶13    The above statutory language indicating an order of protection "*may* continue for an appropriate time period *as directed by the court*" implies that a district court not only has the authority to *continue* the order of protection if it finds it necessary to do so, but also the authority to *discontinue* the order of protection if the court so decides. Section

5

40-15-204(5), MCA (emphasis added). There is nothing in the statute precluding a district court from exercising this authority.

¶14 We further note that the FOP, entered on January 6, 2000, states that it "MAY BE AMENDED ONLY BY FURTHER ORDER OF THIS COURT OR ANOTHER COURT THAT ASSUMES JURISDICTION OVER THIS MATTER." Similarly, the FOP states that "[t]he Order of Protection as to Respondent's contact with the Petitioner should continue permanently *until further order of the court.*" (Emphasis added.) Another paragraph states that "[*u*]*ntil further order of this Court*, Respondent must not telephone, contact or otherwise communicate, directly or indirectly with Petitioner other than through her attorney." (Emphasis added.)

¶15 Keith argues that the District Court incorrectly concluded that unless Patricia moved to dismiss or terminate the order of protection, the court was without the legal authority to do so. It indeed appears the District Court reached this conclusion. The court noted that Patricia had not requested that the FOP be terminated and in fact objected to its termination. Citing the last sentence of § 40-15-204(5), MCA, which provides that "[t]he order may be terminated upon the petitioner's request that the order be dismissed," the court concluded that Keith "does not provide the Court with any legal authority to terminate the permanent Order of Protection upon his motion in light of strictures contained in § 40-15-204(5), MCA," and therefore denied his motion to dissolve the FOP. We conclude this was error. While certainly a court may *grant* a petitioner's request to dismiss an order of protection, nowhere does the statute or this

6

FOP provide that the court may dissolve or dismiss the FOP *only* upon the request of petitioner.

¶16 A district court has the power to "issue, hear and determine writs," including original and remedial writs, and to "hear and determine any matter necessary in the exercise of the judge's powers . . . in any action or proceeding provided by law." Section 3-5-311(1)(a)-(c), MCA. A court's authority to act is not constrained by the wishes of one party.

¶17 Patricia argues that the District Court had "the authority to continue or dissolve the order of protection," utilized this authority when it left the FOP in effect, and this Court should review the determination for an abuse of discretion. *See Keller v. Trull*, 2007 MT 108, ¶ 7, 337 Mont. 188, 158 P.3d 439; *Bock v. Smith*, 2005 MT 40, ¶ 29, 326 Mont. 123, 107 P.3d 488. We agree with Patricia that had the court reviewed Keith's petition on the merits, we would not disturb its conclusion absent an abuse of discretion. However, it is apparent from the court's order that it did not reach the merits of Keith's petition, having decided it had no power to act without Patricia's consent.

¶18 We conclude that the District Court misinterpreted the law as set forth in § 40-15-204(5), MCA. A district court has the authority to continue or terminate an order of protection, notwithstanding the petitioner's desires. We therefore reverse and remand for the District Court to hold a hearing and decide Keith's motion to terminate the FOP on the merits.

**CONCLUSION**

7

¶19     For the foregoing reasons, we reverse and remand for further proceedings consistent with this Opinion.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE