FILED

November 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0313

DA 15-0313

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 329N

ANGELA TOWNSEND,

Petitioner/Protected Person and Appellee,

v.

RON GLICK,

Respondent and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 15-174B
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Ron Glick, self-represented, Kalispell, Montana

For Appellee:

Paul A. Sandry, Johnson, Berg, & Saxby, PLLP, Kalispell, Montana

Submitted on Briefs:   October 28, 2015
Decided:   November 24, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ron Glick appeals the April 9, 2015 temporary Civil No Contact Order of the Eleventh Judicial District Court, Flathead County, directing that he have no contact with Angela Townsend in person, in writing, or by electronic or any other means. The Order is to expire on December 31, 2015.

¶3 This case arises from a dispute over whether Glick owns the trademark to "The Forlorned"—the title of a book authored by Townsend. On March 4, 2015, Glick, appearing on his own behalf, filed a civil complaint with the United States District Court for the District of Montana, Missoula Division, seeking a declaration that he possesses trademark rights to "The Forlorned." On March 19, 2015, Townsend filed a Sworn Petition for an Order of Protection from Glick and Request for Hearing based on allegations that Glick was harassing and stalking her. The District Court issued a Temporary Order of Protection that same day and the Flathead County Sheriff served Glick with the Order. Following an April 8, 2015 hearing on the Temporary Order of Protection, the District Court issued a Civil No Contact Order prohibiting Glick from the following: having contact with Townsend in person, writing, electronic, or other means; appearing within three hundred feet of Townsend's workplace and within one thousand

2

feet of Townsend's residence; and utilizing the name "Angela J. Townsend" or "The Forlorned," except in Glick's federal court case.

¶4    On June 29, 2015, the United States District Court issued an Order dismissing with prejudice Glick's complaint for trademark infringement for failure to state a claim upon which relief can be granted. The court also declined to take supplemental jurisdiction over any of Glick's state law claims. We take judicial notice of the United States District Court's Order pursuant to M. R. Evid. 202(4), (6) (allowing a court, whether requested by a party or not, to take judicial notice of official acts of the judicial departments of the United States and of records of any court of record of the United States).

¶5    Glick argues that the District Court erred in issuing the Civil No Contact Order because the court made no determination that Glick had committed any of the acts required under the statutes authorizing Orders of Protection or No Contact Orders. Glick also argues that the Order infringed upon his freedom of speech and expression by prohibiting him from using Townsend's name or trademark.

¶6    We review a district court's findings of fact to determine if they are clearly erroneous. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *Jordan v. Kalin*, 2011 MT 142, ¶ 19, 361 Mont. 50, 256 P.3d 909 (citation omitted). We review a district court's conclusions of law for correctness. *Albrecht v. Albrecht*, 2011 MT 316, ¶ 9, 363 Mont. 117, 266 P.3d 1275 (citations omitted).

¶7 A person may file a petition for an order of protection if the individual is a victim of stalking, regardless of the individual's relationship to the offender. Section 40-15-102(2)(a), MCA. Stalking is defined as "purposely or knowingly caus[ing] another person substantial emotional distress or reasonable apprehension of bodily injury or death by repeatedly following the stalked person or harassing, threatening, or intimidating . . . by mail, electronic communication . . . or any other action, device or method." Section 45-5-220(1), MCA.

¶8 Glick did not provide this Court with a full transcript of the April 8, 2015 hearing. On appeal, the appellant has "the duty to present the supreme court with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 8(2). An appellant's "[f]ailure to present the court with a sufficient record . . . may result in dismissal of the appeal or affirmance of the district court on the basis the appellant has presented an insufficient record." M. R. App. P. 8(2). "[T]he cost of producing any requested transcript shall be paid by the party requesting the transcript . . . ." M. R. App. P. 8(3)(c). "[P]arties are not entitled to transcripts at the state's expense" unless "provided by statute" or in the event of "extraordinary circumstances and on order of the supreme court." M. R. App. P. 8(5).

¶9 Glick argues that he should not be "penalized" for failing to produce a full transcript of the District Court hearing because the District Court erred in failing to rule on his Motion for Production of Transcript and because Townsend deliberately "obstructed" production of transcripts. The rules, however, are clear. No statute requires

4

that the state pay transcript costs for an indigent party in a civil case. As the appellant, it is Glick's duty to produce a sufficient record, M. R. App. P. 8(2), and he failed to do so.

¶10 Glick correctly observes that a portion of the transcript appears in the District Court's file as an attachment to Townsend's Response to Glick's Motion for Production of Transcript and Motion for Extension of Time and Relief. This excerpt, as well as the District Court's written Order, demonstrate that the court found the evidence insufficient to "rise to the level of stalking." The District Court, however, found it "clear" that Glick and Townsend's friendship and business relationship had "gone seriously south" and that "there should be no contact" between them other than to address the federal court proceedings. As a result, the court issued a temporary Civil No Contact Order to remain in effect until December 31, 2015.

¶11 Section 3-1-113, MCA, provides, "When jurisdiction is, by the constitution or any statute, conferred on a court or judicial officer, all the means necessary for the exercise of such jurisdiction are also given. In the exercise of this jurisdiction, if the course of proceeding is not specifically pointed out by this code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." *See Board of Comm'rs v. Eleventh Judicial Dist. Ct.*, 182 Mont. 463, 470, 597 P.2d 728, 732 (1979) (appointment of a director of family court services was "suitable process or mode of proceeding" for the district court to follow pursuant to § 3-1-113, MCA). Where a party is involved in "willful or reckless conduct, especially when combined with frivolousness, harassment, or improper purpose," Montana district courts "possess the inherent power" to sanction such conduct. *Boushie v. Windsor*, 2014 MT

5

153, ¶ 19, 375 Mont. 301, 328 P.3d 631 (upholding a district court's sanction preventing a vexatious litigant from filing actions without prior court approval).

¶12    In this case, the District Court properly exercised its inherent power in issuing the temporary Civil No Contact Order. Given the pending federal case and the voluminous documents filed with the court evidencing the escalating tension between the parties, the District Court's conclusion that "there should be no contact" between Glick and Townsend for a defined period of time did not exceed its authority. The court's temporary Civil No Contact Order—which allowed certain contact for purposes of litigating the pending federal case—was a suitable mode of responding to Townsend's invocation of the court's jurisdiction to address Glick's conduct towards her. Section 3-1-113, MCA; *Boushie*, ¶ 19. Without the transcript of the hearing, Glick cannot meet his burden of demonstrating clear error in the court's factual determinations underpinning its order.

¶13    Finally, Glick argues that the District Court erred when it allowed his former attorney, Scott Anderson, to act as counsel for Townsend during the April 2015 hearing. Townsend works at the law firm where Anderson was an attorney at the time. (Anderson is now deceased). Glick claims that during the hearing he "objected vehemently" to Anderson acting as Townsend's counsel "under a conflict of interest," yet the District Court permitted Anderson to proceed. Again, without a sufficient transcript, we are unable to determine whether the District Court's factual findings regarding Glick's claims relating to Scott Anderson's professional conduct were clearly erroneous.

¶14 Moreover, other parts of the record that purportedly support Glick's allegations about Anderson having a conflict of interest are unsubstantiated. Glick argues that a letter, written by Anderson and attached to Townsend's pro se petition for a temporary restraining order, demonstrates a conflict of interest. Glick's argument regarding the letter is unpersuasive. The letter, dated February 25, 2015, states that Anderson terminated his representation of Glick on February 19, 2015. It states further that Anderson is delivering to Glick all of his files and so forth. While the letter is quite specific about Anderson's concerns regarding Glick's contact with his law firm and harassment of its employees, the letter does not show disclosure of any confidential information pertaining to Glick. We decline to disturb the District Court's Order on this ground.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court did not exceed its authority and Glick has failed to meet his burden on appeal to show error. The order is therefore affirmed.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA