Justice Beth Baker delivered the Opinion of the Court.
***29 ¶1 Shoshon Edith Anderson obtained a final order of protection from the Justice Court against Bryan Wayne Larson in 2015. Larson filed a motion to dissolve the final order of protection nearly two years later. The Justice Court denied his motion, and Larson appealed. The District Court ruled that Larson's appeal was an untimely appeal of the order of protection. Larson argues that the District Court was ***30 incorrect because he sought to dissolve the order, not to appeal it. We reverse and remand to the District Court for consideration of the appeal on the merits. *1019 PROCEDURAL AND FACTUAL BACKGROUND
¶2 Anderson and Larson were married in 2014 and divorced in 2015. After the decree was entered, Anderson filed for a temporary order of protection in the Justice Court, alleging that Larson was stalking her. The Justice Court issued a temporary order of protection, which it made permanent following a hearing on November 23, 2015. The final order of protection against Larson expires on November 23, 2019.
¶3 On October 19, 2017, Larson filed a "Combined Motion and Brief to Dissolve Final Protection Order" in the Justice Court. Larson argued that the order of protection had not been based on evidence that implicated a potential threat to Anderson, that he had never made threats against her either before or after the issuance of the order of protection, that he had complied with the provisions of the order of protection during the nearly two years since it had been granted, that the order of protection negatively affected his employment and his ability to travel outside the United States, and that Anderson was no longer living in Montana and had no need for an order of protection. Larson stated that despite being charged by Teton County with stalking Anderson, he had entered into a deferred prosecution agreement, and that the charges had been dismissed with prejudice in 2017. He stated that Anderson opposed "a stipulation to dissolve the order despite the absence of any threat to her safety or wellbeing." He cited Albrecht v. Albrecht, 2011 MT 316, 363 Mont. 117, 266 P.3d 1275, for the proposition that the Justice Court has the authority to either continue or terminate the order of protection apart from Anderson's wishes.
¶4 On October 30, 2017, Anderson's attorney moved for additional time to respond to Larson's motion and brief. On October 31, 2017, without Anderson's response, the Justice Court denied Larson's motion to dissolve the order of protection, stating in its order that there was "no basis" to dissolve it before the specified termination date. On November 22, 2017, Larson filed a notice of appeal. Larson's appeal stated that he "hereby appeals to the District Court from all orders and judgments entered herein, including the Justice Court's Order entered in this action on the 31st day of October 2017, and appeals all appealable issues in this matter."
¶5 Anderson moved to dismiss Larson's appeal on December 4, 2017. Without awaiting response, the District Court issued an order denying ***31 Larson's appeal on December 6, 2017. The District Court's order stated:
A review of the transmitted file provides that the final judgment was rendered on November 23, 2015. As provided by Montana Code Annotated § 40-15-302, the Respondent had the right to appeal the final Order of Protection issued November 23, 2015. Appeals from Justice Court are governed by Montana Code Annotated § 25-33-102, which requires the appeal to be filed within 30 days of the judgement [sic]. Respondent failed to timely file an appeal on that Order. The Teton County Justice Court's sua sponte order denying Respondent's Motion for relief of said judgement [sic] nearly two years after it was rendered does not constitute an appealable issue.
STANDARD OF REVIEW
¶6 We review a district court's conclusions of law for correctness. Albrecht, ¶ 9.
DISCUSSION
¶7 Larson argues that the District Court erred as a matter of law by treating his appeal of the Justice Court's order denying his motion to dissolve the order of protection as an appeal of the order of protection itself. Larson maintains the District Court incorrectly denied his appeal as untimely. Anderson has not appeared in this appeal or filed a response.
¶8 Section 40-15-204, MCA, addresses issuance of temporary and permanent orders of protection. Section 40-15-204(5), MCA, provides that an order of protection "may continue for an appropriate time period as directed by the court or be made permanent.... The order may be terminated upon the petitioner's request that the order be dismissed." We held in Albrecht that a district court has authority under § 40-15-204(5), MCA, to dismiss or terminate an order *1020 of protection, even if the request comes from the respondent instead of from the petitioner. Albrecht, ¶¶ 15-16.
¶9 Section 40-15-302(1), MCA, grants a party the right to appeal an order of protection issued by a justice court to a district court for immediate review. Section 25-33-102, MCA, establishes that appeal to a district court must be made within thirty days after a judgment is rendered.
¶10 Here, Larson did not file his motion to dissolve the order of protection pursuant to § 40-15-302(1), MCA, which allows an appeal and immediate review of an order of protection by a district court.
***32 Instead, Larson filed his motion to dissolve the order of protection pursuant to § 40-15-204(5), MCA, the statute authorizing a court to continue, make permanent, or terminate an order of protection. Once the Justice Court denied Larson's motion to terminate the order of protection, Larson appealed the order denying his motion to the District Court. In accordance with § 25-33-102, MCA, Larson brought his appeal within thirty days after the Justice Court denied his motion.
¶11 On the record presented in this case, we conclude that the District Court erred in denying Larson's appeal as untimely. Larson could not appeal the November 2015 order of protection, but he could appeal the Justice Court's 2017 refusal to terminate it, and he did so timely.
CONCLUSION
¶12 The District Court's order denying Larson's appeal is reversed, and the case is remanded for consideration of the appeal on the merits.
We Concur:
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.
JIM RICE, J.