FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0034

DA 24-0034

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 265N

ERIN A. BILLS,

      Petitioner and Appellee,

   v.

KRISTIN C. COOPER,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV-21-18
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Kirsten Mull Core, Law Office of Kirsten Mull Core, P.C., Bozeman,
Montana

      For Appellee:

      Dennis E. Lind, Matthew A. McKeon, Datsopoulos, MacDonald &
Lind, PC, Missoula, Montana

                Submitted on Briefs:  September 4, 2024

                Decided:  November 12, 2024

Filed:

                _____
                           Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kristin Cooper appeals the Sixth Judicial District Court's denial of her renewed motion to terminate an order of protection. Cooper challenges the original order of protection, the denial of her renewed motion to terminate, and the District Court's decision to deny the motion without a hearing. We affirm.

¶3 Erin Bills petitioned the District Court for a temporary order of protection against Cooper on February 1, 2021. The District Court held a hearing on the petition at which Bills was represented by counsel and Cooper appeared pro se. At the time, Bills and Benjamin Anderson were engaged and lived together in Big Sky with Anderson and Cooper's minor child, F.A. Bills testified that she tried to be a good stepparent to F.A. and to work with Cooper but that Cooper physically threatened and stalked her.

¶4 Bills recounted one incident in which she picked F.A. up at ski school. She testified that when she tried to leave with F.A., Cooper approached her menacingly and staff had to escort her and F.A. to Bills's car for their safety. Bills also testified that she constantly received harassing text messages from Cooper; that Cooper previously kicked down the door to Anderson's home; that Cooper repeatedly parked to block Bills's driveway, preventing her from leaving; and that after a visit with Cooper, F.A.—a four-year old—

told Bills, "Mom is going to kick your ass, Erin." These interactions with Cooper, Bills told the District Court, caused a significant decline in her mental and physical wellbeing. Because Cooper appeared pro se at the order of protection hearing, she cross-examined Bills. During cross- and redirect examination, Bills expressed her fear and discomfort repeatedly to the District Court, describing how she pushed her chair away when Cooper approached.

¶5 The District Court issued a permanent order of protection in favor of Bills on February 25, 2021. In part, the District Court wrote that

> this Court has not observed a more credible expression of fear from an individual seeking an Order of Protection than that observed on the part of the Petitioner at the February 23, 2021[,] hearing. The Petitioner was shaking, crying, would back her chair up when the Respondent approached, and was clearly very fearful of the Respondent.

The District Court found that "[i]n light of the fact that the Petitioner seeks an Order of Protection based upon stalking, the Court finds it telling that the Respondent chose to spend almost the entire amount of her allocated time at the hearing cross-examining the Petitioner in a hostile and aggressive manner." Finally, the District Court noted that Cooper "had no authority to be at the home of Petitioner and Benjamin Anderson," because an order from Anderson and Cooper's custody proceedings required all exchanges of F.A. to take place at a neutral location. The District Court found that, despite the restriction, many of the intimidating incidents occurred when Cooper came to Anderson and Bills's home.

¶6 After the District Court issued the order of protection, Cooper filed a series of motions seeking to vacate the order. First, Cooper filed a motion for contempt of court, alleging that Bills committed perjury at the order of protection hearing. Second, Cooper

3

filed a motion to amend and dismiss the order. Next, Cooper filed a motion to terminate the order of protection and request for hearing. The District Court denied each of Cooper's first three motions. Then, on September 28, 2022, Cooper filed a motion for relief from judgment. The District Court held Cooper's motion for relief from judgment in abeyance for one year and allowed Cooper to file a renewed motion to terminate the order of protection after one year had passed.

¶7 On November 28, 2023, a year later, Cooper filed a renewed motion to terminate the order of protection and request for a hearing. The District Court denied Cooper's renewed motion. The District Court found that, since its original entry, "numerous alleged violations of the Order of Protection have occurred, resulting in involvement by law enforcement." The District Court revisited its finding of Bills's credible expression of fear. The court "view[ed] the repeated filings by [Cooper] as further evidence of [Cooper's] unhealthy obsessive conduct, which only emphasizes the ongoing need for an Order of Protection." Cooper appeals the District Court's denial of her renewed motion to terminate the order of protection without a hearing.

¶8 We will not "overturn a [trial] court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion." *Fritzler v. Bighorn*, 2024 MT 27, ¶ 7, 415 Mont. 165, 543 P.3d 571 (quoting *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631). "The question under this standard is not whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason." *Boushie*,

¶ 8 (citing *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915). "We review a district court's decision not to hold an evidentiary hearing for an abuse of discretion." *In re Estate of Boland*, 2019 MT 236, ¶ 18, 397 Mont. 319, 450 P.3d 849 (citation omitted).

¶9     Cooper first makes various arguments concerning the original order of protection, including issues related to venue, due process, and the court's evidentiary rulings. In a civil case, an appellant must file a notice of appeal "with the clerk of the [S]upreme [C]ourt within 30 days from the date of entry of the judgment or order from which the appeal is taken." M. R. App. P. 4(5)(a)(i). Cooper did not timely appeal the order of protection, which the District Court granted over three years ago. Cooper acknowledges that her time to appeal the order of protection has passed and her venue challenge is deemed waived. Because she did not appeal it, we do not consider Cooper's arguments concerning the original order of protection. *See Lockhead*, ¶¶ 13-16 (refusing to consider appellant's objections to underlying order of protection when filed 13 years too late).

¶10    The only order properly before the Court in this appeal is the District Court's denial of Cooper's renewed motion to terminate and its accompanying denial of her request for a hearing. Cooper argues that the District Court erred when it considered Bills's allegations that Cooper violated the original order of protection. These allegations, Cooper contends, are unsubstantiated and did not result in charges against her. Cooper asserts further that she submitted affidavits that undermined Bills's testimony. The District Court abused its discretion, Cooper argues, because it did not recognize the affidavits or "reconcile its

finding that [Bills] was credible with the fact that the affidavits contradicted [Bills's] earlier testimony." Finally, Cooper maintains that the District Court abused its discretion because it denied Cooper's motion without holding a hearing. Citing *In re Estate of Boland*, Cooper argues that the District Court's failure to hold a hearing constituted an abuse of discretion because Bills's credibility was in question. *Boland*, ¶ 25 (citations omitted) ("Two factors that counsel in favor of an evidentiary hearing are whether the court must resolve a dispute of material fact or weigh the credibility of witnesses.").

¶11 A district court may decide to issue an order of protection "on the basis of the respondent's history of violence, the severity of the offense at issue, and the evidence presented at the hearing" in order "to avoid further injury or harm." Section 40-15-204(1), MCA. The court may direct that the order of protection "continue for an appropriate time . . . or be made permanent." Section 40-15-204(5), MCA. Either the petitioner or respondent may request that the court vacate the order of protection. *Anderson & Larson*, 2018 MT 155, ¶ 8, 392 Mont. 29, 420 P.3d 1018 (citing *Albrecht v. Albrecht*, 2011 MT 316, ¶¶ 15-16, 363 Mont. 117, 266 P.3d 1275); Section 40-15-204(5), MCA. "[I]n assessing whether to grant or deny a respondent's motion to vacate," the court "must consider the record of the proceedings." *Lockhead*, ¶ 18 (citing *Albrecht*, ¶¶ 16-17).

¶12 In *Lockhead*, a district court denied the appellant's motion to vacate an order of protection. *Lockhead*, ¶ 19. The appellant argued that the district court erred because it failed to consider the affidavits he submitted with his motion. *Lockhead*, ¶¶ 19, 21. We held that appellant's argument was "an inference at best" and that simply because "the

6

District Court did not explicitly comment on the contents of the affidavits does not establish that it failed to consider them in its ruling." *Lockhead*, ¶ 21. We also relied on the district court's familiarity with the parties to hold that the court did not abuse its discretion in denying appellant's motion to vacate. *Lockhead*, ¶ 21. Similarly here, that the District Court did not mention Cooper's additional affidavits in its order "does not establish that it failed to consider them" and does not constitute an abuse of discretion. *Lockhead*, ¶ 21. The affidavits sought primarily to undermine Bills's testimony at the initial hearing, at which Cooper was present and had the opportunity to present evidence. The court's order makes clear that it was not convinced Cooper had substantiated a claim that Bills was dishonest in her testimony.

¶13 Although an issue of witness credibility or a dispute of material fact counsel in favor of holding an evidentiary hearing, "[w]hether to hold a hearing is a matter left to the district court's discretion." *Boland*, ¶¶ 18, 25 (citations omitted). In denying Cooper's request for a hearing, the District Court relied on its impression of Bills's credibility from the original order of protection hearing; on Bills's allegations that Cooper violated the order of protection; and on Cooper's repeated motions seeking to have the order vacated. Like in *Lockhead*, the District Court here has significant familiarity with Cooper. *Lockhead*, ¶ 21. The court handled the order of protection matter for nearly three years and heard Cooper's separate parenting matter concerning F.A. It relied on the record of the proceedings and its familiarity with Cooper to decide her renewed motion to terminate. *See Lockhead*, ¶¶ 18, 21 (citation omitted). The District Court did not act arbitrarily without conscientious

judgment or exceed the bounds of reason when it considered Bills's allegations that Cooper violated the order of protection and decided to deny Cooper's motion without a hearing. *See Boushie*, ¶ 8 (citing *Lockhead*, ¶ 12).

¶14 Finally, Cooper requests that we remand this case to the District Court and disqualify Judge Gilbert from hearing further proceedings. Cooper asserts that she attempted to disqualify Judge Gilbert from the separate parenting matter involving F.A. and that Judge Gilbert never forwarded her affidavit to this Court as required by § 3-1-805(1), MCA. Because Judge Gilbert heard this case despite the pending motion to disqualify in the parenting matter, Cooper maintains that Judge Gilbert is biased.

¶15 Cooper concedes that she did not file to disqualify Judge Gilbert in this case. Except for a judge's alleged bias or prejudice, a claim for disqualification of a judge must be brought within a reasonable time after the moving party learns the facts forming the basis for a claim or it is waived. *State v. Flesch*, 2024 MT 160, ¶ 28, 417 Mont. 333, 553 P.3d 357 (citation omitted). A judge's knowledge about matters in a proceeding that the judge obtained "within the proceeding itself *or within another legal proceeding* is permissible and does not call for disqualification." *State v. Strang*, 2017 MT 217, ¶ 26, 388 Mont. 428, 401 P.3d 690 (citation omitted). As Cooper did not seek to disqualify Judge Gilbert in this case and has not substantiated a claim for actual bias or prejudice, we decline to address this argument further.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's order denying Cooper's motion to terminate and request for a hearing is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON