FILED

12/13/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0233

DA 22-0233

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 244N

IN RE THE MARRIAGE OF:

ESTATE OF PAMELA PASTEUR HATCH,

Co-Petitioner and Appellee,

and

JEFFERY D. HATCH,

Co-Petitioner and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-19-776
Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeffery D. Hatch, Self-represented, Kalispell, Montana

For Appellee:

Marcel A. Quinn, Thomas A. Hollo, Hammer, Quinn & Shaw PLLC,
Kalispell, Montana

Submitted on Briefs:  October 19, 2022

Decided:  December 13, 2022

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jeffery D. Hatch (Jeffery) appeals from the April 26, 2022 Order of the Eleventh District Court, Flathead County, denying Jeffery's Motion for Injunction Pendente Lite to stay the sale of the real property at 91 Paradise View Court, Kalispell, Montana 59901 (Property) as set forth in marital dissolution proceedings with Pamela Pasteur Hatch (Pamela) and, after Pamela's unexpected death, as ordered in further proceedings with the Estate of Pamela Pasteur Hatch (Estate).

¶3     We affirm.

¶4     In 2019, Jeffery and Pamela dissolved their marriage and the District Court entered a Final Dissolution Decree and agreed-upon Property Distribution. When they were married, Jeffery and Pamela jointly owned the Property as joint tenants with right of survivorship. At dissolution, the 2019 Property Distribution required Jeffery and Pamela to sell the Property and divide the proceeds equally between them. After their dissolution, Pamela and Jeffery continued to reside together and equally split household expenses. When Pamela died unexpectedly on December 31, 2020, the Property had not yet been sold.

¶5      In June 2021, the Estate filed a motion to enforce the terms of the Dissolution Decree and incorporated Property Distribution.  In November 2021, the District Court found Jeffery and Pamela's 2019 dissolution of marriage terminated their joint tenancy with right of survivorship in the Property and converted it to a tenancy in common between Jeffery and Pamela.  Given Pamela's death, the District Court ordered the Property was then held by the Estate and Jeffery as tenants in common (November 2021 Order).  When the Estate filed its Motion to Partition Real Property seeking to sell the Property according to the Property Distribution, the District Court granted the motion and ordered the sale of the Property with the cooperation of all parties (January 2022 Order).

¶6      Although Jeffery objected to the Estate's Motion to Enforce Final Dissolution Decree, he did not timely appeal the District Court's November 2021 Order granting this motion. Nor did he appeal or comply with the January 2022 Order to cooperate and sell the Property.

¶7      Our review of the record shows a clear pattern of non-cooperation and attempts to undermine various District Court orders on Jeffery's part.  In October 2021, after the Estate sought to enforce the Dissolution Decree, Jeffery attempted to sell the Property to a buyer without identifying the Estate as a co-owner or seller.  A *lis pendens* already filed against the Property by the Estate prevented the sale.  When the Estate later negotiated and executed a materially similar Buy-Sell Agreement with the same buyer, Jeffery refused to sign the Agreement and the Estate brought action in the District Court to enforce the sale and for contempt sanctions against Jeffery.

3

¶8 In March 2022, after a hearing to show cause, the District Court found Jeffery in contempt for refusing to sign the Buy-Sell Agreement between himself, the Estate, and the buyer, and ordered Jeffery be taken into custody at the Flathead County Jail until he signed the Buy-Sell Agreement. Jeffery did then sign the Buy-Sell Agreement, was released from custody, and did not seek review of the Order on Contempt and Warrant of Commitment. Rather, in April 2022, he filed a Motion for Injunction Pendente Lite and Stay of Order alleging mortgage insurance issues requiring adjudication. Jeffery did not appear at the hearing on his Motion for Injunction. The District Court and the Estate's counsel proceeded with the hearing, referred to the statute regarding injunctive relief, and denied the motion (April 2022 Order).

¶9 In May 2022, following Jeffery's refusal to sign closing documents, the District Court ordered the sale of the Property under Mont. R. Civ. P. 70 (Rule 70 Order). Also in May 2022, Jeffery filed his appeal from the April 2022 Order with this Court along with a motion for the District Court to stay its Rule 70 Order. The District Court held a hearing and granted Jeffery's Motion to Stay the Rule 70 Order on the condition he provide a $100,000 supersedeas bond for the pendency of his appeal to this Court.

¶10 Following the conditional grant of his Motion to Stay, Jeffery filed an "Emergency appeal on Rule 22 order from the Eleventh Judicial District Court, Kalispell, Montana. Cause No. Dr-15-2019-776" with this Court in July 2022. We deemed this pleading to be a motion to suspend the supersedeas bond required by the District Court. Under the Montana Rules of Appellate Procedure, a supersedeas bond is required when "the appellant

4

desires a stay of execution" and suspension is not allowed unless the "requirement is waived by the opposing party[.]" M. R. App. P. 22(1)(b). Because Jeffery provided no good cause otherwise and the Estate did not waive the requirement, we denied the motion to suspend supersedeas bond.

¶11 The standard of review governing proceedings in equity is codified at § 3-2-204(5), MCA, which directs the appellate court to review and determine questions of fact as well as questions of law. *Gitto v. Gitto*, 239 Mont. 47, 50, 778 P.2d 906, 908 (1989). We review a district court's findings of fact in an equitable action to determine whether the findings are clearly erroneous. *In re Estate of McDermott*, 2002 MT 164, 310 Mont. 435, 51 P.3d 486 (citing § 3-2-204(5), MCA). Our review is confined to whether substantial credible evidence supports the findings made by the district court; we do not consider whether evidence would support findings different from those made by the district court. *In re Estate of Bradshaw*, 2001 MT 92, 305 Mont. 178, 24 P.3d 211. We review a district court's conclusions of law for correctness. *Schwartz v. Harris*, 2013 MT 145, ¶ 15, 370 Mont. 294, 308 P.3d 949.

¶12 The District Court's determination that the dissolution terminated the joint tenancy with right of survivorship and converted it to a tenancy in common between Jeffery and Pamela, and now her Estate, is a conclusion of law. Jeffery contends the District Court erred in its determination and cites caselaw tenuously related to his case but fails to address § 72-2-814(2)(b), MCA—the Montana statute directly on point. The Estate argues the relevant statute is controlling, and regardless, because Jeffery failed to timely appeal the

issue, whether the District Court erred in finding the Property held as tenants in common is not properly before this Court. While we agree the issue is not properly on appeal, in the interest of clarity we find the District Court correctly applied § 72-2-814(2)(b), MCA, in converting the Property to a tenancy in common. Moreover, the record shows substantial credible evidence—including but not limited to the Dissolution Decree and Property Distribution—to support the findings of fact underlying the District Court's conclusions of law.

¶13 The Estate contends the sole issue properly on appeal is whether the District Court erred in denying Jeffery's Motion for Injunction Pendente Lite and Stay of Order. We agree.

¶14 While we typically review the grant or denial of a temporary or permanent injunction under the manifest abuse of discretion standard, "where the district court grants or denies injunctive relief based on conclusions of law, no discretion is involved, and we review the conclusions of law to determine whether they are correct." *Valley Christian Sch. v. Mont. High Sch. Assn.*, 2004 MT 41, ¶ 5, 320 Mont. 81, 86 P.3d 554 (citing *Hagener v. Wallace*, 2002 MT 109, ¶ 12, 309 Mont. 473, 47 P.3d 847). The District Court correctly settled the law of this case in determining the Property to be owned by both Jeffery and the Estate as tenants-in-common following Pamela's death, and determining the Property was to be sold and the proceeds split between Jeffery and the Estate. The District Court's denial of Jeffery's Motion for Injunction Pendente Lite and Stay of Order was based solely on its correct conclusions of law and application of the established law of the case.

¶15    Jeffery contends the District Court erred in failing to require the Estate to pay half of the expenses of the Property. The Estate rightly counters an appeal of this issue is not properly before this Court absent an order from the District Court addressing Jeffery's motion for expenses. As this matter is not properly before the Court and has not yet been addressed by the District Court, we decline to address it. Further, Jeffery contends the District Court erred in failing to allow him to litigate an alleged mortgage insurance issue. Our review of the record, however, shows Jeffery raised the issue on multiple occasions and the District Court properly determined it irrelevant.

¶16    The Estate contends it should be awarded costs and attorney fees incurred in defending against this appeal pursuant to M. R. App. P 19(5). The record indicates Jeffery did not agree with the District Court's findings and failed to comply as ordered, but due to his self-represented status and his clear, albeit misguided, belief the District Court erred, his conduct in appealing to this Court does not rise to a frivolous level and we decline to award appellate costs and attorney fees to the Estate.

¶17    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law are correct and its findings of fact are not clearly erroneous.

¶18    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE