DA 06-0831

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 356N

WENDY F. SCHOONEN,

      Petitioner and Appellee,

  v.

RYAN E. REICHLE,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DR 02-11,
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P.C.,
Missoula, Montana

      For Appellee:

          Brad L. Belke, Attorney at Law, Butte, Montana

Submitted on Briefs:  October 10, 2007

Decided:  December 19, 2007

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Ryan Reichle (Reichle) appeals from the order of the Second Judicial District Court, Silver Bow County, denying his motion to dismiss the order of protection issued by the Silver Bow County Justice Court. We affirm.

¶3 The parties herein are the parents of one minor child, a son born August 22, 1996. Appellee Wendy Schoonen (Schoonen) filed a petition for issuance of a parenting plan with the Fifth Judicial District Court, Beaverhead County, on October 13, 1999. On April 19, 2000, the Beaverhead County District Court issued a final parenting plan.

¶4 On December 24, 2001, Schoonen filed a petition with the Silver Bow County Justice Court for a temporary protective order against Reichle. The Justice Court granted the temporary protective order (the First Order) the same day and set a show cause hearing for January 10, 2002. However, on January 8, 2002, the court's minute entry indicates that Schoonen's counsel appeared "in court and state[d] that the [order of protection] will be [sic] continue in full force." The minute entry also states: "Hearing will be vacated." The Justice Court subsequently vacated the hearing and issued an order of protection (the Second Order) on January 11, 2002. On January 18, 2002, the parties

2

filed a stipulation with the Justice Court stating that the Second Order would continue to apply to Reichle "as originally ordered by the Court except that [Reichle] should not be restricted from exercising his Court ordered visitation with the parties' minor child . . . ." The Justice Court issued an amended permanent order of protection in accordance with the stipulation (the Third Order) on January 24, 2002.

¶5 Prior to the Justice Court's issuance of the Third Order, the parties stipulated to changing the venue of the parenting plan proceeding originally filed in the Beaverhead County District Court and on January 17, 2002, the parenting plan proceeding was transferred to the Second Judicial District Court, Silver Bow County. The Silver Bow County District Court thereafter issued an amended parenting plan on June 19, 2002. This parenting plan did not incorporate or reference any of the three protective orders issued by the Justice Court.

¶6 On July 12, 2006, the Justice Court granted a motion filed by Reichle to transfer jurisdiction of the Third Order from the Justice Court to the Silver Bow County District Court. On July 17, 2006, Reichle moved for a settlement conference and an order dismissing the Third Order. On November 1, 2006, the court denied Reichle's motion to dismiss, concluding that the motion was time barred by M. R. Civ. P. 60(b). Reichle appeals.

¶7 Whether a court has subject matter jurisdiction is a question of law and our review is plenary. *State v. Finley*, 2003 MT 239, ¶ 10, 317 Mont. 268, ¶ 10, 77 P.3d 193, ¶ 10. Temporary protective orders are a specialized form of injunctions. *K.D.R.-M v. R.E.M.*, 2004 MT 292, ¶ 18, 323 Mont. 340, ¶ 18, 100 P.3d 150, ¶ 18. We review a court's grant

3

or denial of injunctive relief to determine whether there was a manifest abuse of discretion. *K.D.R.-M.*, ¶ 15. "A 'manifest' abuse of discretion is one that is obvious, evident, or unmistakable." *K.D.R.-M.*, ¶ 15. We review a district court's denial of a M. R. Civ. P. 60(b) motion for abuse of discretion. *In re Marriage of Markegard*, 2006 MT 111, ¶ 11, 332 Mont. 187, ¶ 11, 136 P.3d 532, ¶ 11.

¶8 Reichle asserts that all three orders issued by the Justice Court are void because the Justice Court lacked subject matter jurisdiction to issue the First Order. Reichle argues that because there was a pending parenting plan in the Beaverhead County District Court at the time Schoonen filed her petition for a temporary protective order, pursuant to § 40-15-301, MCA, Schoonen was required to file the petition with the Beaverhead County District Court. Reichle contends that, under the statute, unless the Beaverhead County District Court judge was unavailable or Schoonen was fleeing further abuse, the Justice Court did not have jurisdiction to issue the First Order.

¶9 However, Reichle inappropriately posits the issue as one of jurisdiction. Justice courts have inherent subject matter jurisdiction to enter orders of protection. Section 40-15-301(2), MCA states:

> When a dissolution of marriage or parenting action involving the parties is pending in district court, a **person** may file a petition for an order of protection in a justice's municipal or city court only if the district court judge assigned to that case is unavailable or if the petitioner, to escape further abuse, left the county where the abuse occurred. [Emphasis added].

Accordingly, § 40-15-301(2), MCA, does not restrict the subject matter jurisdiction of the Justice Court but instead restricts a *person or party* from filing a petition for an order of protection when certain circumstances exist. Consequently, the opposing party must

4

timely challenge the circumstances surrounding the filing of the petition, i.e. whether the district court judge is available or the petitioner is fleeing abuse. Here, Reichle did not challenge the filing of the petition in the Justice Court at the time Schoonen filed the petition. Neither did Reichle challenge the protective order when the parenting plan was transferred to the Silver Bow County District Court in January, 2002, or when the Silver Bow County District Court issued an amended parenting plan in June, 2002. Rather, Reichle waited nearly five years before challenging the issuance of the protective order. Moreover, shortly after the order was initially issued, Reichle stipulated that the order would continue and further waived the show cause hearing. Given these circumstances, Reichle has waived his opportunity to challenge the statutory basis for the filing of the petition by Schoonen which resulted in the Justice Court's issuance of the First Order.

¶10 In the alternative, Reichle asserts that the Second and Third Orders issued by the Justice Court are void because a hearing was not held, as required by § 40-15-202, MCA. While § 40-15-202, MCA, requires the issuing court to conduct a hearing within twenty days of the issuance in order to "determine whether good cause exists for the . . . order . . . to be continued, amended, or made permanent[,]" the parties may waive the hearing requirement. A waiver may be effectuated by stipulation. A stipulation effectively relieves the parties from the necessity of introducing evidence about the ultimate fact covered by the stipulation. *Fiedler v. Fiedler*, 266 Mont. 133, 142, 879 P.2d 675, 681 (1994). When the stipulation is material, both the parties and the court are bound by it. *Fiedler*, 266 Mont. at 142, 879 P.2d at 681.

¶11 Here, the parties submitted a stipulation whereby they agreed that the Second Order would continue as issued by the court so long as it was amended to allow Reichle to exercise his court ordered visitation rights. Thereafter, the Justice Court entered its Third Order of protection, which incorporated the stipulation and amended the Second Order. Reichle effectively waived his right to a show cause hearing and cannot now complain that the Justice Court's order is void for failing to comply with § 40-15-202, MCA.

¶12 Reichle's final argument is that the Silver Bow County District Court erred by finding that his motion to dismiss the Justice Court's Third Order was time barred by M. R. Civ. P. 60(b). As previously explained, Reichle failed to challenge the circumstances surrounding Schoonen's filing of her petition for an order of protection and further stipulated to the order's continuance. The stipulation and Reichle's five-year delay in transferring the order of protection to the Silver Bow County District Court and moving for its dismissal convinces us, regardless of the application of M. R. Civ. P. 60(b), that Reichle waived his right to challenge the basis for issuance of the First Order. Accordingly, the court did not err by refusing to consider Reichle's motion to dismiss. However, because district courts have continuing jurisdiction over matters of parenting, Reichle may still petition the District Court for termination or modification of the order, for purposes of its future effect.

¶13 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us

6

that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶14    We affirm the judgment of the District Court.


/S/ JIM RICE


We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER