DA 13-0084

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 368

IN RE THE MARRIAGE OF:
ADRIANA LOCKHEAD,

Petitioner and Appellee,

v.

BRIAN LOCKHEAD,

Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 97-85066
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Gregory D. Birdsong, Birdsong Law Office PC; Missoula, Montana

For Appellee:

Caroline Riss, Montana Legal Services Association; Helena, Montana

For Amicus Curiae:

Hilly McGahan, DOVES Staff Attorney; Polson, Montana

Brandi R. Ries, Rubin and Ries Law Offices, PLLC; Missoula, Montana

Submitted on Briefs:   October 16, 2013
Decided:   December 10, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 The District Court granted Adriana Lockhead a Temporary Order of Protection against Brian Lockhead on September 5, 1997, which it then made permanent pursuant to § 40-15-204, MCA, on April 21, 1999. On November 15, 2012, the District Court denied Brian's Motion to Vacate the Permanent Order of Protection. Brian appeals the District Court's decision. We affirm.

¶2 The dispositive issue on appeal is whether the District Court abused its discretion in denying Brian's Motion to Vacate the Permanent Order of Protection. Brian raises additional issues on appeal that we deem barred for reasons discussed below.

## BACKGROUND

¶3 Adriana was born in Brazil, and moved to the United States with Brian before their marriage in 1991. The following year, their daughter Halen was born. Adriana filed for divorce on two separate occasions in 1995, but thereafter withdrew her petitions. On July 1, 1997, Adriana again filed for divorce.

¶4 On September 5, 1997, Adriana filed an Ex Parte Motion for a Temporary Order of Protection against Brian. In her accompanying affidavit, Adriana stated, "during our marriage, Brian has intimidated me and been very abusive." She explained she did not speak English when she first moved to the United States, and as a result, she was very dependent on Brian during their first few years of marriage. Adriana averred that Brian subjected her to verbal abuse, often in the presence of their daughter, and that he repeatedly threatened to remove Halen from her custody if she obtained a divorce. Adriana asserted that Brian repeatedly made contact with her, despite requests by both

2

her and her attorney not to contact her. On one occasion, Brian showed up unannounced at Adriana's house and demanded to see Halen. When Adriana told Brian to speak to her attorney or the guardian ad litem (which the District Court had recently appointed), Brian began beating on her door, while Halen and Adriana's ten-year-old sister "were hysterical and crying." Adriana called her attorney for advice, then hung up and called the police because she thought Brian was going to break down the door. Brian heard her call the police and left.

¶5 Adriana's affidavit further stated that she was afraid to leave her daughter alone with Brian, due to his "very emotional and irrational" behavior. She cited a statement Brian made to her about how he considered killing himself and his son from a prior marriage while going through his first divorce, and she stated "I am afraid he may kill me or Halen." Adriana also alleged that Brian had a mental health diagnosis for which he remained untreated. Based on this affidavit, the District Court found that harm might result if an order was not issued pursuant to § 40-15-201(4), MCA, and thus issued Adriana a Temporary Order of Protection.

¶6 A hearing on the Temporary Order of Protection took place on September 24, 1997, and continued on September 29. Both parties called witnesses, and the guardian ad litem testified. Towards the end of the hearing, Brian stated that he would not contest the Temporary Order of Protection, but wanted it to be made mutual. The District Court did not act on Brian's statement and continued with the hearing. Brian never filed for a Temporary Order of Protection against Adriana. On October 2, 1997, the District Court

3

filed its Order Renewing the Temporary Order of Protection against Brian until further order from the court.

¶7    A final dissolution hearing took place on April 21, 1999.  Between October 2, 1997, and April 21, 1999, there were 95 filings between the parties.  The filings during this time largely consisted of recommendations from the guardian ad litem and the parties' responses to them, multiple status conferences, and the withdrawals of three attorneys who successively represented Brian.  In addition, during this time two Court Appointed Special Advocates (CASAs) involved in the case sought a Permanent Order of Protection against Brian.  After a contested hearing in which the CASAs stated that Brian's belligerent and aggressive behavior caused them to feel physically threatened, the District Court found good cause to grant CASA a Permanent Order of Protection.  During this interval, Brian violated Adriana's Temporary Order of Protection several times by contacting her via telephone calls.  Also, two days before the dissolution hearing, Halen's psychologist stated she felt threatened by a comment Brian made to her, and that she "would appreciate any assistance the court can offer in protecting the safety of my family."  She also said that Brian's "name-calling of Halen is emotionally abusive and his negative references to her mother border on the same."

¶8    During the dissolution hearing, the District Court found good cause to make Adriana's Temporary Order of Protection against Brian permanent.  Brian was served with the Permanent Order of Protection during the hearing.  He did not appeal the Order.

¶9    On November 16, 2012, Brian filed a Motion to Vacate the Permanent Order of Protection on grounds that it was imposed without prior notice, without a hearing, and

without supporting findings of fact and conclusions of law. Brian's motion was supported by six affidavits, all of which asserted that Brian had no violent tendencies and that he had turned his life around. Also attached was correspondence from a municipal court judge, who recollected that Brian's prior hearing testimony was credible, while Adriana's was not.

¶10 Adriana responded to the Motion to Vacate, stating that it was replete with misrepresentations. She expressed concern over the dismissal of the Permanent Order of Protection due to Brian's violent history during their marriage and divorce, and the fact that Brian continued to view her as the main source of all his past problems with law enforcement. Adriana's abuse allegations throughout the history of the case are largely based on her own testimony, although they are supported by the testimony of the CASAs and the statements by Halen's psychologist.

¶11 The District Court denied Brian's motion on December 5, 2012. In its Order, the District Court noted its receipt of Brian's Motion and its accompanying affidavits. It then reasoned:

> Petitioner has filed her objection stating she is concerned with Brian's view of her being the main source of all his problems on [sic] the past with law enforcement. She also states she is concerned about Brian's history of violence during their marriage. The file in this matter has two file jackets with 170 entries. The case was a high-conflict custody matter with documented incidents of violence and threats to Court officials. The Order of Protection was litigated and entered after a hearing.

Brian then filed a Motion to Alter or Amend Judgment, which the District Court denied on December 27, 2012.

## STANDARD OF REVIEW

¶12 This Court will not overturn a district court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Schiller v. Schiller*, 2002 MT 103, ¶ 24, 309 Mont. 431, 47 P.3d 816. The question under this standard is not whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason. *Newman v. Lichfield*, 2012 MT 47, ¶ 22, 364 Mont. 243, 272 P.3d 625.

## DISCUSSION

¶13 Brian raises multiple issues on appeal. He argues that the September 5, 1997 Temporary Order of Protection and the Permanent Order of Protection are invalid due to the District Court's failure to follow statutory requirements. He also argues that the statutory grounds for the Temporary Order of Protection violate due process, and the Order is thereby unconstitutional. These issues are barred, however, and may not be reviewed on appeal because Brian has: 1) failed to timely appeal, and 2) failed to raise these issues with the District Court.

¶14 First, Brian did not appeal either the Temporary Order of Protection or the Permanent Order of Protection within 30 days as required by M. R. App. P. 5(a)(1) (1997).[1] Brian's appeal contesting both of these orders is at least 13 years overdue.

---

[1] Brian's reference to the non-citable Opinion of *Schoonen v. Reichle*, 2007 MT 356N, does not support his assertion that this Court can consider the validity of an ongoing order at any time, regardless of the original filing date. Furthermore, pursuant to Section I, Paragraph 3(d)(v) of our Internal Operating Rules, memorandum opinions are unpublished and shall not be relied on as authority.

6

¶15   Second, the general rule in Montana is that "an issue which is presented for the first time to the Supreme Court is untimely and cannot be considered on appeal." *Akhtar v. Van Wetering*, 197 Mont. 205, 209, 642 P.2d 149, 152 (1982).  The rule applies to substantive and procedural matters alike based on the principle that it is "unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Day v. Payne*, 280 Mont. 273, 277, 929 P.2d 864, 866 (1996).

¶16   We are not convinced by Brian's various due process arguments.  Brian waited 13 years to challenge the holding of the underlying Permanent Order of Protection, despite having several attorneys throughout the proceedings.  We therefore determine he has failed to preserve these alleged errors for appeal and consequently we decline to review the constitutionality of § 40-15-201, MCA.  As such, the only remaining issue is whether the District Court's denial of Brian's Motion to Vacate constituted an abuse of discretion.

¶17   ***Whether the District Court Abused its Discretion in Denying Brian's Motion to Vacate the Permanent Order of Protection.***

¶18   A respondent has a right to request the court to vacate a permanent order of protection.  *Albrecht v. Albrecht*, 2011 MT 316, ¶ 15, 363 Mont. 117, 266 P.3d 1275.  A district court must consider the record of the proceedings in assessing whether to grant or deny a respondent's motion to vacate.  *Albrecht*, ¶¶ 16-17.

¶19   Brian argues that the District Court's reasoning for denying his Motion to Vacate the Permanent Order of Protection was legally insufficient.  His bases for this argument are that the District Court denied the Motion without briefing, the District Court did not

7

consider the affidavits accompanying his Motion, and that the District Court's Order "is factually in error in every regard."

¶20 We do not find Brian's arguments persuasive. First, Uniform District Court Rule (UDCR) 2 requires a moving party to file a supporting brief upon filing a motion, and that the "failure to file briefs may subject the motion to summary ruling." Pursuant to UDCR 2, Brian had the opportunity to file a brief with his motion, but failed to do so. We will not fault the District Court for reviewing Brian's motion as presented.

¶21 Next, Brian's argument that the District Court did not consider the affidavits is an inference at best. The District Court acknowledged in its Order that Brian's motion was "supported by several affidavits." The fact that the District Court did not explicitly comment on the contents of the affidavits does not establish that it failed to consider them in its ruling. As demonstrated by the number of pleadings, and the District Court's reference to same, it is apparent the District Court was very familiar with the parties.

¶22 Finally, Brian overreaches in claiming that every fact in the Order is completely erroneous. Brian specifically takes issue with the Order's reference to Brian's history of violence, and argues that he never committed, or was accused of any threat or act of violence. Contrary to Brian's objections, the statements of Adriana, the CASAs, and Halen's psychologist provide credible evidence detailing threatening or abusive behavior. Such evidence supports the District Court's initial conclusion that harm might result absent a protective order. We upheld a district court's denial of a motion to vacate a permanent order of protection based on similar facts in *Bock v. Smith*, 2005 MT 40,

8

¶¶ 29-30, 326 Mont. 123, 107 P.3d 488, despite the husband's claim that he had no history of violence.

¶23 Brian also attempts to attack the legal sufficiency of the denial of his Motion to Vacate by questioning the constitutionality of the statutory scheme for making an order of protection permanent. However, this argument is misplaced in that it does not contend that the District Court abused its discretion, and instead argues the constitutionality of the statutory basis for permanent orders of protection in the first place. *See* § 40-15-202, MCA. As such, this issue is barred from review on appeal for the reasons discussed above.

## CONCLUSION

¶24 The District Court did not abuse its discretion in denying Brian's Motion to Vacate the Permanent Order of Protection. After a hearing in 1997, the District Court found that Adriana might be in danger of harm if the court did not act immediately, and thus granted her Motion for a Temporary Order of Protection pursuant to § 40-15-201, MCA. Again in 1999, the District Court found good cause to make the Temporary Order of Protection permanent. The District Court's denial of Brian's Motion to Vacate affirms the validity of Adriana's past and present concern for her safety. It is apparent from the District Court's order that the court considered the evidence before it, including Brian's motion and supporting affidavits. Based on evidence accumulated over 16 years, the District Court ultimately found Adriana's concerns to be more persuasive. In sum, Brian has failed to prove that the District Court acted without conscientious judgment or in a way that exceeded the bounds of reason.

9

¶25    The District Court's Order denying Brian's Motion to Vacate the Permanent Order of Protection is affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE