FILED

June 2 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0550

DA 14-0550

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 153N

STACY LEAR,

      Petitioner and Appellee,

  v.

CARRIE A. JAMROGOWICZ,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-13-642
                  Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Quentin M. Rhoades, Alison Garab, STR & Associates, P.C.; Missoula,
            Montana

      For Appellee:

            Joshua S. Van de Wetering, Van de Wetering Law Offices, P.C.;
            Missoula, Montana

Submitted on Briefs:  April 15, 2015
Decided:  June 2, 2015

Filed:

                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Carrie A. Jamrogowicz appeals the Fourth Judicial District Court's order denying her motion to terminate a permanent order of protection that prohibits her from having contact with Stacy Lear. We affirm.

¶3    The issues on appeal are (1) whether the District Court erred as a matter of law when it refused to dismiss the order of protection based on a General Release executed by Lear, and (2) whether the firearms restriction in the order of protection infringes upon Jamrogowicz's constitutional right to bear arms.

¶4    In July of 2012, the State of Montana charged Jamrogowicz with misdemeanor stalking of Lear. Lear petitioned for an order of protection, and the District Court entered a Permanent Order of Protection on August 12, 2013. Then, in February of 2014, Jamrogowicz pled nolo contendere to the stalking charge. In accord with the plea agreement, the court deferred imposition of sentence for 90 days, with conditions including one that Lear execute a release of all civil claims against Jamrogowicz. Lear executed that release, and Jamrogowicz successfully completed the 90-day deferral period in May of 2014.

¶5 The District Court then allowed Jamrogowicz to withdraw her plea and dismissed the criminal case. At the same time, Jamrogowicz moved to terminate the August 2013 order of protection, based on her compliance with the conditions of the release executed by Lear. The District Court denied the motion to terminate the order of protection, and Jamrogowicz appeals.

¶6 On appeal, Jamrogowicz argues the District Court erred in failing to terminate the order of protection, which she contends was included in Lear's release of "any and all claims." She maintains that, as a matter of contract law, that release included the order of protection. Jamrogowicz further contends the District Court had no factual basis to refuse to dissolve the order of protection, and that good cause does not exist to support a permanent order of protection. She points out that, in entering the permanent order of protection, the District Court made no finding that she has a history of violence or of commission of any offense or that there is a demonstrated need to avoid further harm, as is required for a permanent order of protection under § 40-15-204(1), MCA.

¶7 Jamrogowicz's contract law arguments are not persuasive. The permanent order of protection is not a claim by Lear, but a preexisting court order. Section 40-15-204(5), MCA, provides that an order of protection "may be terminated upon the petitioner's request that the order be dismissed." In this case, Lear, not Jamrogowicz, was the petitioner. Therefore, the District Court did not err in ruling it had no statutory authority to terminate the order of protection at Jamrogowicz's request. Further, even if, as Jamrogowicz argues, Lear's execution of the release functioned as her request that the

3

order of protection be released, the statute says the court "may" terminate the permanent order of protection upon petitioner's request. The District Court retained discretion.

¶8 As to Jamrogowicz's claim that there was an insufficient basis for the permanent order of protection, Jamrogowicz failed to appeal from that order within the 30 days allowed for such an appeal. *See* M. R. App. P. 4(5)(a)(i); *Marriage of Lockhead*, 2013 MT 368, 373 Mont. 120, 314 P.3d 915. She waived this claim by her failure to timely appeal.

¶9 Jamrogowicz additionally argues on appeal that a provision in the permanent order of protection that prohibits her from possessing firearms while she is within the state of Montana violates her constitutional right to bear arms. Although she raised a similar argument in the District Court before that court entered the permanent order of protection, Jamrogowicz did not raise this argument in relation to the order now on appeal, addressing her motion to dismiss the permanent order of protection. We do not generally address an issue raised for the first time on appeal, and Jamrogowicz has given us no reason to do so here. *See Becker v. Rosebud Operating Servs.*, 2008 MT 285, ¶ 17, 345 Mont. 368, 191 P.3d 435.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, this case presents questions controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. And, on this record, the court's denial of

Jamrogowicz's motion to dismiss the permanent order of protection was not an abuse of discretion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER