FILED

12/03/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0268

DA 24-0268

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 287N

MICHELLE HOLLCRAFT VANISKO,

       Petitioner and Appellee,

  v.

BRAD RAE RICHARDSON,

       Respondent and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDR-2024-173
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Brad Richardson, Self-Represented, Helena, Montana

      For Appellee:

         Michelle H. Vanisko, Vanisko Law, PLLC, Helena, Montana

                       Submitted on Briefs:  October 16, 2024

                               Decided:  December 3, 2024

Filed:

                       _____
                                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brad Rae Richardson appeals the First Judicial District Court's April 11, 2024 order maintaining for six months an order of protection in favor of Michelle Vanisko. Vanisko represents the mother of Richardson's children, Makayla Masse, in a parenting matter. The First Judicial District Court also granted an order of protection against Richardson in favor of Masse, which this Court recently affirmed. *Masse v. Richardson*, DA 24-0270, 2024 MT 252N, 2024 Mont. LEXIS 1187. Vanisko sought protection on the basis of Richardson's incessant and harassing e-mails to her in which he threatened Masse and implicitly threatened Vanisko as well. The District Court agreed with Vanisko that at the time Richardson sent the e-mails, he could not reasonably claim that he did not understand they could be viewed as threatening when, a few months earlier, another judge in the same district had made clear that Richardson could not use his self-represented status as an excuse for sending threatening e-mails. We affirm.

¶3 At the hearing on her petition, Vanisko testified that she initially just "dealt with the onslaught" of Richardson's e-mails because, in her family law practice, "harassing e-mails can be par for the course if the other person is not represented [by counsel]." But after the hearing on Masse's request for an order of protection, Vanisko explained, the tenor of the

2

e-mails escalated. She decided to seek protection after getting an e-mail "that started off with him quoting some person saying that all men wish to kill someone." Vanisko told the court that, although Richardson said he did not have a desire to kill, "there was the more direct threat and comments about wishing me dead, wishing that I had cancer and that type of thing." She testified that the constant and escalating messages caused her reasonable apprehension of harm. Vanisko told the court that Richardson's e-mails had made her concerned for her safety and for the safety of her staff, such that she was keeping her office doors locked.

¶4 Richardson responded that Vanisko had been "very antagonizing" to him and had said things that were not true to "intentionally antagonize" him. Richardson testified that, although he may have said some things he shouldn't have, he did not threaten to assault anyone. He acknowledged saying in one e-mail that he hoped that she would get cancer and die. But, he explained, "it's not an imminent threat and I can't cause her to get cancer." Richardson told the District Court that he had no plans to contact Vanisko, whether the court did or did not extend the order of protection. He was anxious to move on with his life. On the District Court's questioning, Richardson admitted sending each of the e-mails that Vanisko had offered as exhibits during the hearing.

¶5 At the conclusion of the hearing, the District Court found good cause based on the evidence to extend the order of protection for six months.[1] It prohibited Richardson from

---

[1] Although the order now has expired, we consider the merits of Richardson's appeal because there may be collateral consequences to such an order or further requests for its continuation that counsel against a determination of mootness.

threatening, harassing, or stalking Vanisko, required him to stay at least 1500 feet away from her person, residence, vehicle, and workplace, and restricted his e-mail communication with her "to any legal proceeding wherein she represents an adverse party to Brad but only about and concerning that legal proceeding."

¶6　Under § 40-15-102(2)(a), MCA, regardless of a petitioner's relationship to the respondent, a person may seek an order of protection if they are a victim of stalking as defined in § 45-5-220, MCA. "A person commits the offense of stalking if the person purposely or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person to . . . fear for the person's own safety or the safety of a third person." Section 45-5-220(1)(a), MCA.

¶7　We review a district court's decision regarding an order of protection for abuse of discretion. *Schiller v. Schiller*, 2002 MT 103, ¶ 24, 309 Mont. 431, 47 P.3d 816. The question under this standard is not whether we would have reached the same decision as the district court, but whether the district court acted arbitrarily, without conscientious judgment, or exceeded the bounds of reason. *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915 (citation omitted). Once the initial temporary order is in effect, a district court may continue, amend, or make the order permanent upon a showing of good cause. *Schiller*, ¶ 25; § 40-15-202(1), MCA.

¶8　Richardson argues on appeal that the District Court improperly refused to hear his testimony about the history of his parenting case with Masse and excluded evidence of Masse's prior bad acts in violation of M. R. Evid. 404. Richardson made a similar

4

argument in his related appeal, and we rejected it. We concluded that the evidence Richardson sought to introduce—largely consisting of the history between the parties—"is not relevant to determining whether there was good cause to grant the Order of Protection." *Masse*, ¶ 8.[2] The same is true here. Richardson's claims that the history between the parties, including his contention that Vanisko lied during his case with Masse, are not relevant to the question whether his repeated e-mails caused Vanisko reasonable apprehension to fear for her own safety or for that of another person. Vanisko's testimony and the numerous e-mails she submitted presented substantial credible evidence to support the District Court's finding of good cause to continue the order of protection in place.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court acted within its discretion in extending the order of protection for six months. Its order is affirmed.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

---

[2] Section I, Paragraph 3(c)(ii) of our Internal Operating Rules prohibits memorandum opinions from being citable as binding precedent but allows their citation in a "proceeding involving the same person."

5