FILED

12/03/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0436

DA 23-0436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 288N

RICHARD DUCHARME,

      Petitioner and Appellee,

  v.

JENNIFER BRICK,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-23-359D
Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jennifer Brick, Self-Represented, Bozeman, Montana

      For Appellee:

          Matthew A. Dodd, Dillon A Post, Dodd Law Firm, P.C., Bozeman,
Montana

Submitted on Briefs:  October 23, 2024

Decided:  December 3, 2024

Filed:

                          _____
                                 Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is Jennifer Brick (Brick)'s sixth appearance before this Court related to parenting proceedings and associated criminal actions in the Bozeman Municipal Court and Eighteenth Judicial District Court, Gallatin County. The instant appeal arises from an Order of Protection entered against Brick on behalf of minor children S.D. and B.D., though Brick also seeks to relitigate several issues already decided by this Court. The District Court is affirmed.

¶3 Brick and Richard DuCharme (DuCharme) are the parents of S.D. and B.D. They began their dissolution in 2017. Their legal history is extensive, and most of Brick's arguments and alleged facts are based on separate proceedings not before this Court. The facts recited herein are limited to those present in the record for the Order of Protection, which is a separate district court matter from the parenting plan and any criminal charges. In the years since the dissolution, Brick repeatedly refused to honor court-ordered parenting time, and the District Court has been extensively involved in enforcement. In June 2023, the District Court resolved yet another dispute about summer parenting time. Three days later, Brick emailed S.D. and told her that "her father was keeping the girls illegally and to

come home at once." The District Court noted that this was not the first time Brick had "effectively gaslight[ed] the girls" about who had legal custody and that the same occurred during summer and Thanksgiving of 2022. Brick also threatened to prevent S.D.'s participation in AP classes and competitive swimming.

¶4 On June 20, 2023, Brick's behavior escalated to physical violence. Brick drove to S.D.'s swim practice and demanded that S.D. come with her. When S.D. refused, Brick grabbed S.D.'s hair and punched her in the stomach and arm. S.D. escaped and immediately drove to the Bozeman Public Safety Center. Brick was charged with Partner Family Member Assault. Based on these actions, DuCharme filed for a temporary order of protection on behalf of both S.D. and B.D. DuCharme stated that he believed that Brick would continue to emotionally abuse and physically harm S.D. and B.D. if Brick were allowed contact. The District Court granted a temporary restraining order and set a hearing for July 12.

¶5 At the hearing, S.D. testified to ongoing emotional abuse as well as the physical assault. S.D. requested a two-year order of protection and expressed concern that Brick would focus her emotional abuse on B.D. once S.D. graduated and left the community. The District Court granted a two-year Order of Protection as to S.D. and a six-month Order of Protection as to B.D.[1] While the District Court initially concluded that it did not have sufficient evidence to grant B.D.'s Order of Protection beyond that initial period, it later

---

[1] The District Court's written findings indicate the order was for six months, but the Order of Protection indicates two months. In either case, the duration was extended in September 2023, before the two-month period expired.

extended the duration indefinitely pending appeal based on Brick's subsequent violation of the Order.

¶6      Brick presents eight issues on appeal. They include judicial bias; "legal entrapment"; "misuse" of district court orders; due process violations; prosecutorial misconduct; ineffective assistance of counsel; and erroneous and excessive sentencing. Based on this Court's understanding of these arguments, we address three main categories: issues related to the Order of Protection, issues related to Brick's criminal proceedings, and issues related to judicial bias.

   1.  Order of Protection

¶7      Brick's arguments turn on a fundamental misunderstanding of the legal difference between an order of protection and a termination of parental rights. She repeatedly characterizes the relevant proceedings as a "surprise termination of parental rights," but this is incorrect. Termination of parental rights is an entirely separate legal issue giving rise to entirely different legal processes and consequences. No termination proceedings were initiated in this case.

¶8      The relevant legal question, then, is whether the District Court abused its discretion in granting the permanent Order of Protection. We will not overturn a district court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915. "The question under this standard is not whether we would have reached the same decision as

the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason." *Lockhead*, ¶ 12 (citation omitted).

¶9 An order of protection is appropriate when "on the basis of the respondent's history of violence, the severity of the offense at issue, and the evidence presented at the hearing, [the court] determine[s] that to avoid further injury or harm, the petitioner needs permanent protection." Section 40-15-204(1), MCA. Here, based on the history of emotional and physical abuse, and S.D.'s testimony, which the District Court found credible, the District Court concluded that it had "no reasonable doubt that this matter requires the order of protection . . . to prevent further abuse and harm." This was not an abuse of discretion. We also note that the District Court was careful not to extend B.D.'s Order of Protection beyond what was supported by the evidence presented at the time.

¶10 Additionally, Brick argues vehemently that an order of protection cannot be granted for a minor child without also being granted for the parent. Section 40-15-204(4), MCA, provides:

> An order of protection may include restraining the respondent from any other named family member who is a minor. If this restriction is included, the respondent must be restrained from having contact with the minor for an appropriate time period as directed by the court or permanently if the court finds that the minor was a victim of abuse, a witness to abuse, or endangered by the environment of abuse.

While it would also have been possible for DuCharme to seek an order of protection with S.D. and B.D. named as petitioners themselves, it is certainly within the purpose of the remedy that a parent can apply for an order of protection on behalf of their minor child. *See* § 40-15-102, MCA ("A parent, guardian ad litem, or other representative of the

5

petitioner may file a petition for an order of protection on behalf of a minor petitioner against the petitioner's abuser."). Thus, while DuCharme's petition may be unconventional in its caption and statutory reference, it nonetheless accomplishes the desired and necessary protections. We conclude that the District Court did not abuse its discretion.

2. Related Proceedings

¶11 Most of Brick's arguments relate not to the Order of Protection but to evidentiary and procedural issues arising from related criminal proceedings and the parenting matter— many of which have already been decided in part or in whole by this Court. *See In re Parenting of S.D. & B.D.*, 2022 MT 243N, 411 Mont. 385, 521 P.3d 780; *Brick v. Eighteenth Jud. Dist. Ct.*, No. OP 24-0173, Order (Mont. Apr. 3, 2024); *Brick v. Tierney*, No. OP 24-0161, Order (Mont. Apr. 3, 2024); *Brick v. Adams*, No. OP 24-0020, Order (Mont. Jan. 30, 2024). Brick encourages the Court to take the arguments as a "suite" of appeals. It is unclear whether Brick is characterizing her previously denied petitions for writs of mandamus (OP 24-0173 and OP 24-0161) and habeas corpus (OP 24-0020) as appeals or whether she intends to file more appeals in the future. To date, no notices of appeal have been filed in the criminal matters. In either case, the matters are not consolidated and, as a matter of law, the Court cannot consider those arguments as part of this appeal. Brick's arguments relating to prosecutorial misconduct, sentencing, and due process violations in the criminal proceedings are not properly before this Court. For the

6

same reasons, Brick's arguments relating to alleged due process violations in the parenting proceeding are not properly before this Court.

¶12 Further, Brick's ineffective assistance of counsel argument is not permitted in this case. In order to claim ineffective assistance of counsel, a party must first establish that it had the right to counsel in the first instance. *See Wainwright v. Torna*, 455 U.S. 586, 102 S. Ct. 1300 (1982). This Court has not recognized a constitutional right to counsel for a respondent to an order of protection proceeding, and we will not do so today. We therefore decline to consider her ineffective assistance of counsel claim.

### 3. Judicial Bias

¶13 Brick accuses Judge Bruener of judicial bias because they previously testified on opposite sides of proposed legislation and because the District Court repeatedly ruled against her. On August 30, 2023, Brick sought to have Judge Bruener retroactively disqualified on these grounds in both this case and the separate parenting matter. This Court denied her motion because, as provided by § 3-1-805(1)(b), MCA, Brick's affidavit was "based solely on rulings in the case which can be addressed in an appeal from the final judgment." *See Ducharme v. Brick*, No. PR 23-0001, Order (Mont. Sept. 11, 2023).

¶14 The present appeal asserts the same judicial bias without any evidence; as explained above, the District Court's decision was well-supported by the record. The fact that Brick did not prevail is not evidence of bias, prejudice, or unethical conduct. *See State v. Howard*, 2017 MT 285, ¶ 24, 389 Mont. 356, 405 P.3d 1263 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted).

7

Brick points to an incident where Judge Bruener stated, "You can see your kids again when they're adults." No transcripts were filed in this appeal so this statement cannot be verified. Even assuming it was said, however, this statement certainly does not rise to the level of showing bias such that Brick was deprived of her constitutional right to be heard by an unbiased tribunal. This argument is without merit.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE