FILED

10/14/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0221

DA 25-0221

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 236N

AUSTIN JORGE INMAN,

Petitioner and Appellee,

v.

MICHAEL E. SPREADBURY,

Respondent and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDR-2025-108
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Michael E. Spreadbury, Self-Represented, Deer Lodge, Montana

For Appellee:

Austin Jorge Inman, Self-Represented, Helena, Montana

Submitted on Briefs:  September 17, 2025

Decided:  October 14, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Spreadbury appeals from the March 5, 2025 Order on Appeal from Municipal Court issued by the First Judicial District Court, Lewis and Clark County, which affirmed an order of protection granted by the Helena Municipal Court on February 13, 2025. We affirm.

¶3 Spreadbury owned property at 713 Poplar St. in Helena, where he lived and operated his business, Helena Town Car. While living at 713 Poplar St., Spreadbury had several confrontations with his neighbors, who he asserted were engaged in a conspiracy of hate crimes against him. Spreadbury asserts he is a federal agent, a candidate for director of the Federal Emergency Management Agency, and was personally responsible for the resignation of former FBI director Christopher Wray. One of the neighbors Spreadbury contends was engaged in the conspiracy was Austin Inman, who lived at 708 Poplar St. On January 22, 2025, Inman left his house and was yelled at by a "visibly angry" Spreadbury from across the street. Inman went to pick up some tools from his workplace near Van's Thriftway. While driving home through the Van's parking lot, Inman observed Spreadbury, now in the Van's parking lot, expressing "rage towards" him. Inman then

returned to his house, which was followed by Spreadbury angrily parking on the street outside and approaching. Spreadbury yelled at Inman, who was video recording the interaction on his phone, and retrieved a large piece of wood from his truck and waved it at Inman saying, "if you fuck with me again I got this, all right, because I didn't bring a gun today." Inman called the police after the incident. Spreadbury was not criminally charged based on the incident.

¶4 On January 28, 2025, Inman filed a Sworn Petition for Temporary Order of Protection and Request for Hearing in the Helena Municipal Court based on the January 22, 2025 incident and previous interactions with Spreadbury. That same day, the Municipal Court granted Inman a TOP and set a hearing for February 12, 2025. Spreadbury was served with the TOP on January 29, 2025. The Municipal Court held a hearing to determine whether to continue or make permanent the order of protection on February 12 and 13, 2025. The court heard the testimony of Dakota Terry, Inman's long-term live-in girlfriend; Hans Hoelstad, another neighbor in the Poplar neighborhood; Inman; and Spreadbury. Multiple videos, including Inman's video of the January 22, 2025 incident, were played during the hearing, and the court also received letters, a text message, notes, and pictures as exhibits. At the close of the hearing, the Municipal Court granted Inman an order of protection for 10 years, determining the January 22, 2025 incident constituted assault as defined by § 45-5-201, MCA. The court also noted Spreadbury's behavior was erratic and he had repeatedly engaged with Inman, both at Van's and throughout the community, "without provocation." Spreadbury appealed to the District Court, which "reviewed the

3

entire record," determined the "Municipal Court properly weighed the evidence presented and applied Mont. Code Ann. §§ 40-15-201, et seq." and affirmed the Municipal Court.

¶5 Spreadbury appeals. We consider whether the Municipal Court abused its discretion when it granted Inman a 10-year order of protection.

¶6 On appeal from a municipal court, the district court acts as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA. We review a district court's decision on an appeal from a municipal court as if the appeal was originally filed in this Court. *Fritzler v. Bighorn*, 2024 MT 27, ¶ 7, 415 Mont. 165, 543 P.3d 571 (citation omitted). We will not overturn a court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Groenke v. Gabriel*, 2025 MT 91, ¶ 14, 421 Mont. 465, 571 P.3d 86 (citing *Fritzler*, ¶ 7). "The question under this standard is not whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason." *In re Marriage of Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915 (citing *Newman v. Lichfield*, 2012 MT 47, ¶ 22, 364 Mont. 243, 272 P.3d 625).

¶7 On appeal, Spreadbury rehashes several previous incidents involving neighbors, contends the Municipal Court erroneously found there to be "stalking," asserts he was acting in self-defense when he brandished the wooden board outside of Inman's residence and was "the actual victim," complains of a completely separate order of protection apparently granted to a librarian in 2013 when Spreadbury says he was only "asking for [their] help on a public sidewalk," and sets forth the "Spreadbury Test" for orders of

4

protection, which he asserts this Court must implement to guide lower courts. Finding no abuse of discretion in the Municipal Court's determination that the January 22, 2025 incident met the elements of assault and Inman was entitled to an order of protection, we need not address Spreadbury's other issues.[1]

¶8 A person may petition for an order of protection—regardless of the person's relationship to the respondent—if the person is a victim of assault as defined in § 45-5-201, MCA. Section 40-15-102(2), MCA. Section 45-5-201(1)(d), MCA, provides that a "person commits the offense of assault if the person . . . purposely or knowingly causes reasonable apprehension of bodily injury in another[.]" "The standard for determining whether a person has 'reasonably apprehended bodily injury is that of a reasonable person under similar circumstances.'" *State v. Vukasin*, 2003 MT 230, ¶ 19, 317 Mont. 204, 75 P.3d 1284 (quoting *State v. McCarthy*, 1999 MT 99, ¶ 27, 294 Mont. 270, 980 P.2d 629).

¶9 A reasonable person could certainly "reasonably apprehend" bodily injury when they are yelled at without provocation, followed throughout town by someone exhibiting "rage towards" them, and threatened with a wooden board brandished by someone saying they had the board because they didn't bring their gun. In addition, though Spreadbury asserts it was mere happenstance he ran into Inman at Van's, claiming he came "directly from his residence in Deer Lodge" to buy groceries and did not follow Inman there, Inman

---

[1] We do note, however, that, contrary to Spreadbury's representation on appeal, the Municipal Court did not "establish stalking in MCA 45-5-220 as an element of Order of Protection MCA 40-15-201." The Municipal Court's ruling was based on its determination that Spreadbury's behavior on January 22, 2025, constituted assault and did not mention stalking at all.

testified Spreadbury was outside of the 713 Poplar St. residence and yelled at him before Inman was later raged at by Spreadbury in the Van's parking lot. "Because an assessment of testimony is best made upon observation of the witness's demeanor and consideration of other intangibles that are only evident during live testimony, the fact-finder is uniquely in the best position to judge the credibility of witnesses[.]" *State v. Barrus*, 2025 MT 183, ¶ 33, 423 Mont. 391, 573 P.3d 1188 (internal citation omitted). "We accordingly defer to the trial court regarding the credibility of witnesses and the weight to be accorded their testimony." *Barrus*, ¶ 33 (citation omitted). The Municipal Court took the testimony, observed the witnesses, and apparently determined Inman's testimony to be more credible on the matter. There is no abuse of discretion in the Municipal Court's determination Spreadbury's behavior towards Inman during the January 22, 2025 incident—video of which was viewed by the court—constituted assault. Accordingly, the Municipal Court did not abuse its discretion when it issued Inman a 10-year order of protection against Spreadbury, and the District Court did not err when it affirmed the order. *Groenke*, ¶ 22.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ JAMES JEREMIAH SHEA