FILED

11/18/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0083

DA 25-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 266N

JESSICA ZIMMERMANN,

       Petitioner and Appellee,

  v.

CHRISTOPHER WARDLE,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-24-455C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Christopher Wardle, Self-Represented, Bozeman, Montana

      For Appellee:

          Jessica Zimmermann, Self-Represented, Wilsall, Montana

Submitted on Briefs:  October 22, 2025

Decided:  November 18, 2025

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christopher Wardle (Wardle) appeals from the permanent order of protection entered, following a hearing, by the Eighteenth Judicial District Court, Gallatin County, granting the petition filed by Jessica Zimmermann (Zimmermann).

¶3 Zimmermann petitioned the District Court for a temporary order of protection and for a hearing in September 2024, alleging she was the victim of stalking and harassment by Wardle, specifically, that he had engaged in "daily harassment, bullying, threats, defamation, and stalking," including numerous telephone calls, in-person taunting and threats, creation of a "completely false smear site" against Zimmermann, and other online harassment. She explained their mutual involvement in animal rescue and adoption efforts, that Wardle's actions necessitated hiring of security at an adoption event, and that she had reported him to law enforcement many times. Zimmermann requested that the order be made permanent. The District Court entered a temporary order of protection and set the matter for hearing on October 7, 2024.

¶4 At the hearing, the parties and their witnesses appeared and testified, and documentary evidence was offered and admitted. On November 8, 2024, the District Court

2

entered a permanent order of protection supported by findings of fact and conclusions of law, including as summarized below:

- The parties own "competing dog rescue business[es]." An initial dispute arose between the parties in the spring of 2024 regarding Zimmermann's care of Wardle's rescue dogs, leading Wardle to accuse Zimmermann of "stealing and selling several of his rescue dogs[,]" which Zimmermann disputed.

- "Ms. Zimmermann testified that because of this dispute, she has been subject to daily harassment, bullying, threats, defamation and stalking by Mr. Wardle." This took place "predominately online," but included "multiple threatening and harassing telephone calls which [Zimmermann] believed had been made by Wardle or his friends." Zimmermann "also testified that Mr. Wardle has also harassed her in person."

- Wardle "created a false online smear site on Facebook targeting Ms. Zimmermann and her business which he promotes to people who follow Ms. Zimmermann's business online."

- Zimmermann testified that, although she has demanded that he cease his harassment, Wardle's threats have continued and that she feared for her safety. She "repeatedly reported Mr. Wardle's conduct to the Gallatin County Sheriff's Office," which "recommended that Ms. Zimmermann obtain an order of protection against Mr. Wardle."

- "Mr. Wardle's online, telephonic and in person harassment has caused Ms. Zimmermann to suffer substantial fear and emotional distress." Wardle "has continued to harass Ms. Zimmermann after receiving actual notice from Ms. Zimmermann to cease contact with her," and therefore Wardle's conduct "constitutes the criminal offense of stalking as defined by § 45-5-220, MCA." Zimmermann "is therefore entitled to an order of protection against Mr. Wardle under Title 40, Chapter 15 of the Montana Code Annotated."

The District Court also entered a finding taking judicial notice that on November 6, 2024, Wardle was cited by the Gallatin County Sheriff's Office for the offense of felony stalking, based upon Wardle's "alleged violations of the September 20, 2024, Temporary Order of Protection." The District Court noted that this criminal matter was then pending before the Gallatin County Justice Court under Cause No. TK-24-6364.

3

¶5    Wardle appeals from the order.

¶6    "This Court will not overturn a . . . court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion." *Fritzler v. Bighorn*, 2024 MT 27, ¶ 7, 415 Mont. 165, 543 P.3d 571 (quoting *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631). "The question under this standard is not whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason." *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915 (citation omitted). "[A] district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court." *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266.

¶7    Wardle argues "that there are 'Genuine Issues of Material Fact.' That the court erred in fact by failure to include weighty, detailed evidence and third party witness testimony." He contends the District Court's findings and conclusions were generalized statements that simply recite Zimmermann's contentions, lack specificity, and lack "factual review of the content or any content allegations." He challenges Zimmermann's testimony as "broad, sweeping and unevidenced claims," and contends she admitted while testifying there had been no specific threats, which the District Court ignored in its order. He argues that his Facebook comments were made only on his pages, not on Zimmermann's. Zimmermann answers that she is "the victim of very serious and continued harassment" from Wardle that caused her "to fear for her well-being, and the safety of her family, animals and business," and asks the District Court's order be affirmed.

4

¶8 However meritorious Wardle's testimony-based arguments may be, the problem is that he has failed to provide a certified transcript of the hearing, and thus has not provided the necessary record to support his contentions and satisfy his appellate burden to demonstrate error. "[A] district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court." *McMahon*, ¶ 7. We cannot accept the evidentiary contentions in Wardle's briefing without a transcript to review and verify them. As provided by the Rules of Appellate Procedure:

> The appellant . . . [has] the duty to present the supreme court with a record sufficient to enable it to rule upon the issues raised. Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal or affirmance of the district court[.]

M. R. App. P. 8(2). While Wardle filed a notice of "Transcripts Deemed Necessary for Appeal," and quotes in his briefing to a supposed transcript of the hearing, which he labels as "Exhibit D," there is no transcript with the briefing or the case record identified as "Exhibit D" or, more importantly, no transcript that has been prepared, certified as true and correct, and signed by the court reporter. M. R. App. P. 8(4)(b).[1] Case transcripts must be in a searchable Portable Document Format, and have the court reporter's signature affixed. M. R. App. P. 8(4)(b). Given the failure to provide an adequate record, reversible error cannot be demonstrated. M. R. App. P. 8(2) ("failure to present the Court with a sufficient record may result in dismissal or affirmance of the district court").

---

[1] Attached to Wardle's opening brief is an itemized "Exhibit List" that references a transcript of the October 7, 2024 hearing as "Exhibit D." However, there is no transcript, labeled as "Exhibit D" or otherwise, either attached to or in the Appendix to the briefing. The Clerk of Court has verified that arrangements for preparation of a certified transcript were not made, and one was not prepared by the court reporter or filed with the Court.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  Having reviewed the briefs and the record on appeal, we conclude that the Appellant has not met his burden of persuasion upon a sufficient record.

¶10     Affirmed.

/S/ JIM RICE

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON