

FILED

03/03/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0684

DA 25-0684

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 44N

DAVID B. WARWOOD,

Petitioner and Appellee,

v.

DENNIS SCOTT FLORER,

Respondent and Appellant.

FILED

MAR 0 3 2026

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 16-2025-504
Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Scott Florer, Self-Represented, Belgrade, Montana

For Appellee:

Dave Warwood, Self-Represented, Belgrade, Montana

Submitted on Briefs: February 18, 2026

Decided:  March 3, 2026

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On September 23, 2025, the Montana Eighteenth Judicial District Court, Gallatin County, pursuant to § 40-15-204, MCA, entered a permanent order of protection for David Warwood (Warwood) against Scott Florer (Florer). William Powell (Powell) also sought an order of protection against Florer, and the District Court combined the petitions for purposes of a hearing. The District Court did not enter an order of protection for Powell because Powell did not want to testify, although he testified on behalf of Warwood. Florer appeals the order of protection entered for Warwood.

¶3 The District Court conducted a hearing on September 22, 2025, in which Warwood and Powell, on behalf of Warwood, testified. Warwood testified that he had allowed Florer to stay at a cabin on his property in return for doing work on the cabin. Florer was to begin work in May 2025. The court found that a short, handwritten note admitted by Florer during his cross-examination of Warwood evidenced a "work for rent" arrangement where Florer would be paid $50 per hour and pay rent of $800 per month. Warwood testified that a dispute arose over the completed work and that Florer became verbally abusive towards him. Warwood further testified that Florer had grabbed a large stick from a pile, and he thought Florer was going to use it on him. Powell testified about an incident several weeks

2

prior when he had a verbal altercation with Florer and Florer retrieved a handgun from his vehicle and pointed it at him. When Florer asked Powell if he actually had seen a handgun, Powell explained that if it was not a handgun, it was clearly Florer's intent that it appear to be one. Florer did not testify or call any witnesses.

¶4 The District Court initially determined that a one-year order of protection was needed. However, Florer became agitated, even following the court's admonishment not to interrupt, and the court determined that Florer's behavior convinced the court that the order of protection should be made permanent to protect Warwood.

¶5 On appeal, Florer maintains that the District Court abused its discretion in entering the order of protection, that the court improperly based its determination on Powell who did not testify in support of Powell's petition, that Powell should not have been able to hear Warwood's testimony, and that his constitutional rights have been violated. We note that Florer has not produced the record or transcripts on appeal.

¶6 Even though Florer was allowed to proceed without paying the filing fee, this waiver does not include the costs of paying the court reporter to prepare the transcripts on appeal. M. R. App. P. 5(5); § 3-5-604, MCA. This Court recognizes the burden on litigants of limited means when they must come up with funds on their own to secure a transcript for appeal. An appellant, however, has the duty and bears the responsibility to make arrangements to pay the court reporter preparing the transcripts. M. R. App. P. 8(3), 9(1).

¶7 We nonetheless have carefully reviewed Florer's opening brief and the District Court's order. "This Court will not overturn a district court's decision to continue, amend,

3

or make permanent an order of protection absent an abuse of discretion." *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915. An abuse of discretion occurs if a court rules "based on a clearly erroneous finding of fact, an erroneous conclusion or application of law, or otherwise acts arbitrarily, without conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *State v. McGhee*, 2021 MT 193, ¶ 11, 405 Mont. 121, 492 P.3d 518. Based upon our review, we conclude that the District Court did not abuse its discretion when it issued a permanent order of protection for Warwood. The District Court's determination was based on its observation of Florer's behavior in court, the underlying facts, and its conclusion that a permanent order of protection was necessary to protect Warwood.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9      Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices